UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMRAN BLUM, *et al.*,

                Plaintiffs,

   v.

DISCOVER BANK,

                Defendant.

No. 20-CV-199 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      On September 8, 2020, the Court held an initial conference. (*See* Dkt. (minute entry for Sept. 8, 2020).) At this initial conference, the Parties agreed to inform the Court that they had settled the case, or to submit a proposed case management plan by September 22, 2020. (*Id.*) On September 22, 2020, Plaintiffs through their counsel filed a status report, noting that settlement talks had not progressed because Defendant was retaining new counsel. (Dkt. No. 14.) Plaintiffs requested an additional 30 days to explore settlement, (*id.*), which the Court granted, (Dkt. No. 15). On November 24, 2020, Defendant filed a proposed order substituting attorneys, (Dkt. No. 16), which the Court entered the following day, (Dkt. No. 17). After neither Party made any filings for more than four months, the Court entered an Order To Show Cause, requiring Plaintiffs to show cause within 30 days as to why this Action should not be dismissed for failure to prosecute. (Dkt. No. 18.) Plaintiffs have made no filings to comply with this Order, nor have they otherwise communicated with the Court.

      This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court

order." *See id*.  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same).  No single factor is dispositive.  *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiffs' case. Plaintiffs have made no filings for nearly eight months.  The Court provided notice on April 12, 2021 that Plaintiffs' case would be subject to dismissal unless they showed cause within 30 days. (Dkt. No. 18.)  Plaintiffs failed to comply with this Order.  Accordingly, Plaintiffs' case is

dismissed without prejudice for failure to prosecute. *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

SO ORDERED.

Dated: May 17, 2021
       White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE